IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Chicago Teachers Union, Local 1, IFT-AFT, and Moselean Parker, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Educators for Excellence, Inc., | ) ) |
| Defendant. | ) ) |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

### Introduction

1. Pursuant to Section 401(c) of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §481(c), and general federal question jurisdiction, 28 U.S.C. §1331 , the plaintiffs Chicago Teachers Union Local 1, affiliated with American Federation of Teachers ("CTU") and Moselean Parker, a CTU member, seek to enforce federal law restrictions on employer involvement by the defendant Educators for Excellence ("EFE") in CTU's elections and internal proceedings.

2. Plaintiff CTU represents itself both as an institution and in a representative capacity on behalf of its members individually.

3. Plaintiff Parker is a rank-and-file member bringing this action on her own behalf as a CTU member who is voting in the upcoming officer election and in future elections and also as a candidate for office in CTU.

4. Plaintiffs seek to assert rights under the LMRDA against interference by a third party, EFE, an employer within the meaning of the LMRDA. The unlawful involvement of EFE as an employer in the upcoming CTU election is depriving plaintiffs CTU and Parker of the

1

adequate safeguards for a fair election required by Sections 401(c) and 401(g) of the LMRDA, 29 U.S.C. §481(c) and (g).

5. Plaintiffs seek preliminary and permanent injunctive relief and a declaratory judgment against defendant EFE.

## Parties

6. Plaintiff CTU is a labor organization representing over 25,000 members who serve as teachers and teacher aides and support staff in Chicago Public Schools, including private charter schools, and is a labor organization within the meaning of Section 3(i) of the Labor Management Reporting and Disclosure Act, 29 U.S.C. §401(i), as it represents teachers employed in private sector charter schools.

7. Plaintiff Moselean Parker is a resident of Illinois, a CTU member, and a candidate for Area Vice President in CTU's elections.

8. Defendant Education for Excellence, Inc. ("EFE") is a Delaware corporation whose principal office is in New York and does business in Illinois. EFE employs persons and is an "employer" within the meaning of Section 3(e) of the LMRDA, 29 U.S.C.§ 402(e), and is not a local or state governmental unit.

## Jurisdiction

9. The jurisdiction of this Court is invoked both under 29 U.S.C. §481(c) of the LMRDA as well as under the general federal question jurisdiction set out in 28 U.S.C §1331. In the alternative, the jurisdiction of this Court is invoked under the diversity of citizenship jurisdiction provision of 29 U.S.C.§ 1332.

## Facts

10. Plaintiff CTU has an election scheduled for May 20, 2022, and will have future elections on a regular basis.

11. In addition, runoff elections and post-election proceedings may take place after such date.

12. Defendant Educators for Excellence ("EFE") is a not-for-profit corporation which has sought to play a role in these elections. EFE is an "employer" within the meaning of 29 U.S.C. Sec. 402(e).

13. Defendant EFE has the goal of weakening teacher unions and limiting the scope of the bargaining that teacher unions may or do conduct.

14. EFE's funding comes, directly or indirectly, from sources such as the Walton Family Foundation, connected with Walmart, Inc., an employer that has a history of opposing unions.

15. Walton Family Foundation, related to Walmart, Inc., also has a history of financing activities that undermine teacher workplace rights.

16. The chair of EFE is a wealthy New York financier with no background in teaching.

17. EFE previously adopted a strategic plan which states as a goal to influence teacher unions to adopt so called "thin contracts" on limited subjects of bargaining and "labor management alignment" in general.

18. On information and belief, plaintiffs allege that EFE has sought directly or through others to recruit and assist CTU members who might be sympathetic to EFE's goal of weaking unions: (1) to become candidates for union office and (2) to provide them with financial support or other in-kind assistance to win office, including in the CTU election set for May 20, 2022.

19. On information and belief, EFE has expended money or other resources to promote or support the candidacy of certain candidates in the CTU May 20, 2022 election.

20. Such interference by EFE does not end with this election and its aftermath but will continue to deprive the members of CTU of their right to have officers of their own choosing and govern themselves without employer interference.

### Count I

21. Section 401 (c) of the LMRDA, or Act, 29 USC §481(c), provides a cause of action for members to bring actions in federal court to enforce their rights under that provision, including the right to "[a]dequate safeguards to insure a fair election…[.]"

22. Plaintiff CTU in its associational capacity represents all its members in seeking to enforce their individual statutory rights to "adequate safeguards to insure a fair election." Plaintiff CTU also seeks to enforce its own right as an institution to be free of unlawful employer involvement that is in violation of federal law.

23. Plaintiff Parker also has such standing in her own capacity as a member of CTU and candidate for office in the upcoming CTU election.

24. To insure a fair election and establish adequate safeguards, plaintiffs seek a court order to bar defendant EFE from recruiting, supporting, or financially assisting or providing in kind assistance to candidates in CTU elections now and in the future.

25. Such recruitment or assistance is unlawful specifically under 29 U.S.C. §481(g), which states that "no moneys of an employer shall be contributed or applied to promote the candidacy of any person...[.]"

26. As interpreted by the United States Secretary of Labor, this prohibition applies to any employer, including EFE, employing any person, and engaged in interstate commerce, and is not limited only to employers that may have collective bargaining agreements with CTU.

27. Plaintiffs have no adequate internal union remedy to enforce this safeguard against involvement of third parties, as EFE acts deceptively through persons who purport to be teachers

but who are not members of CTU or accountable to CTU and its membership, and is not subject to any request or directive from CTU.

28. Accordingly, in addition to invoking this Court's jurisdiction under 29 U.S.C. §481(c), plaintiffs invoke this Court's general federal question jurisdiction under 28 U.S.C. §1331 a to apply federal law and to enjoin EFE from depriving its members of the safeguards required by federal law.

29. Even if the lack of safeguards does not determine which candidate or candidate slate will win, plaintiffs will suffer irreparable injury because such intervention by an employer like EFE will impair the fairness and integrity of the election process by means prohibited by federal law, and any such employer involvement has a chilling effect on the robust exercise of LMRDA rights.

30. Plaintiffs are also entitled to damages, including but not limited to nominal damages to all of its members for the violation of their rights to adequate safeguards.

WHEREFORE, plaintiff prays this Court to:

A. Issue a declaratory judgment that EFE's interference in CTU's internal elections deprives members of their rights under the LMRDA;

B. Enjoin EFE from interfering in the conduct of the CTU election or post-election process;

C. Grant nominal damages to plaintiff Parker and all other members of CTU;

D. Grant compensatory and punitive damages to CTU;

E. Grant such other relief as may be just and reasonable.

Respectfully submitted,

Dated: May 19, 2022

By: /s/ Thomas H. Geoghegan.
    One of Plaintiffs' Attorneys

Thomas H. Geoghegan
Michael P. Persoon
Willem Bloom
Despres, Schwartz & Geoghegan, Ltd.
77 West Washington Street, Suite 711
Chicago, Illinois 60602
(312) 372-2511