IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Chicago Teachers Union, Local 1, IFT-AFT, and Moselean Parker, <br><br> Plaintiffs, <br><br> v. <br><br> Educators for Excellence, Inc., <br><br> Defendant. | Case No: 1:22-cv-02659 <br><br><br><br> Honorable Judge Gary Feinerman |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Plaintiffs Chicago Teachers Union, Local 1, IFT-AFT ("CTU") and Moselean Parker brought this action against Educators for Excellence, Inc. ("E4E") to contest the CTU election on May 20, 2022. Rather than following the proper administrative procedures, which are set forth in the election rules created by CTU's delegates, CTU and Parker filed their complaint directly with this Court on May 19, 2022. Plaintiffs' amended complaint, filed July 28, 2022, does not resolve this procedural deficiency nor the others that pervaded their initial complaint. Plaintiffs' addition of five pages – primarily devoted to their two new vaguely pled counts – still do not state a claim nor remedy the Court's lack jurisdiction over their complaint.

Indeed, plaintiffs' amended complaint largely re-pleads the same central allegation as before—that E4E's conduct in connection with the CTU election on May 20 election was improper—without providing any additional factual details. Plaintiffs contend that E4E's conduct in allegedly recruiting and providing financial assistance to certain candidates in the May 20 election violated Title IV of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 481(c) and (g), and some unspecified "Illinois laws." These allegations do not

demonstrate that the Court may exercise subject matter jurisdiction over their complaint: LMRDA not only vests enforcement of Title IV violations exclusively to the Secretary of Labor, but it also preempts any state law remedy that plaintiffs now attempt to plead in their amended complaint. *See* 29 U.S.C. §§ 482, 483. Plaintiffs' amended complaint should be dismissed for this reason alone under Federal Rule of Civil Procedure 12(b)(1). Plaintiffs also lack Article III standing to pursue their claims because they have not pled any actual injury.

Even if the Court found it had subject matter jurisdiction and plaintiffs had standing, plaintiffs' amended complaint does not contain sufficient facts to support the elements of their claims. Plaintiffs fail to specify any particular "Illinois law" that has been violated in their new counts nor include factual allegations supporting their LMRDA claim. Thus, the amended complaint also fails under Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND[1]

Defendant E4E is a not-for-profit organization, founded by public school teachers, with a principal office in New York. Dkt. 21, Plaintiffs' First Amended Complaint ("Am. Compl."), ¶ 9. E4E's mission is to ensure that teachers have a leading voice in the policies that impact their students and professions.

Plaintiff CTU is a labor organization representing teachers, aides, and support staff in Chicago Public Schools, and it holds elections for positions within the union. *Id.* ¶ 7. Plaintiff Parker, a member of the CTU, was a candidate for office in the CTU election held on May 20, 2022. *Id.* ¶ 8. The May 20, 2022 election was governed by the CTU's Election Rules, which provide detailed procedures for filing any election-related protests, including regarding the non-eligibility of any nominated candidate or regarding the conduct of an election or any candidate's

---

[1] For purposes of this motion only, E4E treats plaintiffs' factual allegations as true.

conduct during the election period. *See* RULES FOR THE NOMINATION & ELECTION OF OFFICERS OF THE CHICAGO TEACHERS UNION & OF DELEGATES & ALTERNATE DELEGATES TO THE 2022 & 2024 AFT CONVENTIONS & THE OCTOBER 2022 IFT CONVENTION ("Election Rules"), *available at* https://www.ctulocal1.org/rules (last visited June 22, 2022).[2] During the May 20 election, Parker was elected Area B Vice President, and CTU certified the results of the election. *See* ELECTION RESULTS, *available at*, https://www.ctulocal1.org/wp-content/uploads/2022/05/PDF-of-Election-Results-Totals-Formatted.pdf. (last visited June 22, 2022).

On May 19, 2022, the day prior to the election, plaintiffs filed their complaint against E4E, alleging that E4E interfered with the May 20 CTU election by recruiting and supporting certain candidates. Dkt. 1, Complaint for Injunctive Relief and Damages ("Compl."), ¶¶ 18, 24–25. E4E moved to dismiss the complaint on July 7, 2022. Dkts. 14 & 15, Defendant's Motion to Dismiss Plaintiffs' Complaint and Supporting Memorandum. After E4E moved to dismiss, plaintiffs sought leave to file their operative amended complaint, which the Court granted. Dkts. 19 & 20, Plaintiffs' Motion to File an Amended Complaint and Order.

In their amended complaint, plaintiffs maintain their allegation that E4E interfered in the May 20 election and contend that this purported involvement violated LMRDA by depriving them of adequate safeguards for a fair election, as required under 29 U.S.C § 481(c), and violating the

---

[2] On a motion to dismiss, the court may consider "matters of public record," such as the Election Rules and the public results of the election, without converting the motion to dismiss to a motion for summary judgment. *See Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997); *see also ABN AMRO, Inc. v. Cap. Int'l Ltd.*, No. 04 C 3123, 2007 WL 845046, at *4 (N.D. Ill. Mar. 16, 2007) ("[P]recedent has crafted two exceptions to this general ban on [considering] material extrinsic to the complaint [on a motion to dismiss]. First, a district court may consider documents attached to the motion to dismiss-but not to the complaint-if those documents are referred to in the complaint and central to the plaintiff's claim . . . . Second, a district court may take judicial notice of matters of 'public record.'") (internal citations omitted).

"no contribution of financial assistance" requirement of 481(g). Am. Compl. ¶¶ 23–24, 35–38. Based on these allegations, plaintiffs bring three counts in their amended complaint: (1) E4E allegedly violated plaintiffs unspecified "membership rights" under Illinois law, *id.* ¶¶ 25–32; (2) plaintiffs are entitled to some state law remedy for violations of Title IV of the LMRDA, *id.* ¶¶ 33–43; and (3) plaintiff CTU is entitled to a federal remedy for violations of Title IV of the LMRDA, *id.* ¶¶ 44–58. Plaintiffs request a declaration that E4E's conduct in the May 20 election was improper and an injunction barring E4E from impairing on plaintiffs' purported "membership rights" and from contributing or applying its monies to promote the candidacy of any person in CTU elections. *Id.* at 9–10.

In their amended complaint, plaintiffs do not allege that they followed their own Election Rules, which require them to bring any protest of the May 20 election to the Rules Elections Committee. *See generally id.* Plaintiffs also do not allege that they exhausted their administrative remedies available under the constitution and bylaws of the CTU nor do they allege that they filed a complaint with the Secretary of Labor pursuant to 29 U.S.C. § 482(a). *See generally id.*

## ARGUMENT

Plaintiffs' amended complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. As with their original complaint, none of the provisions cited in plaintiffs' amended complaint provide any basis for this Court to exercise jurisdiction over plaintiffs' state or federal claims against E4E. Additionally, plaintiffs still lack standing because they have suffered no injury. Plaintiffs' amended complaint also remains subject to dismissal for the separate and independent reason that plaintiffs have failed to state any claim under Federal Rule of Civil Procedure 12(b)(6).

**I.  This Court Lacks Subject Matter Jurisdiction under Rule 12(b)(1).**

Federal Rule of Civil Procedure 12(b)(1) compels the court to dismiss an action for lack of

subject matter jurisdiction. Plaintiffs bear the burden of demonstrating that subject matter jurisdiction exists. *Kontos v. U.S. Dep't of Lab.*, 826 F.2d 573, 576 (7th Cir. 1987). In their amended complaint, plaintiffs continue to allege that the Court has jurisdiction under 29 U.S.C. § 481(c) and general federal question jurisdiction under 28 U.S.C. § 1331. They also newly add that federal diversity jurisdiction is preserved by 29 U.S.C. § 483. None of these provisions provide a basis for plaintiffs to litigate their claims in this Court.

      A.      <u>29 U.S.C. § 481(c) Does Not Convey Subject Matter Jurisdiction.</u>

Plaintiffs' reliance on 29 U.S.C. § 481(c) to establish subject matter jurisdiction is misplaced. That provision provides:

> [E]very local labor organization, and its officers, shall be under a duty, enforceable at the suit of any bona fide candidate for office . . . to comply with all reasonable requests of any candidate to distribute by mail or otherwise at the candidate's expense campaign literature in aid of such person's candidacy . . . and to refrain from discrimination in favor of or against any candidate with respect to the use of lists of members . . . . Every bona fide candidate shall have the right . . . to inspect a list containing the names and last known addresses of all members of the labor organization . . . . Adequate safeguards to insure a fair election shall be provided, including the right of any candidate to have an observer at the polls and at the counting of the ballots.

29 U.S.C. § 481(c). In short, this section grants a very narrow, pre-election, private enforcement right to "bona fide candidates for office" to bring suit against a union for the purpose of gaining access to union member lists or ensuring that the union is distributing mail and campaign literature fairly.

As with their original complaint, none of these issues are presented in plaintiffs' amended complaint against E4E. Plaintiffs do not allege that E4E is a union, and their allegations regarding E4E's purported interference in the May 20 election have nothing to do with union member lists or mail distribution. Additionally, while the original complaint was filed the day before the election, the election was held on May 20, and its results have since been certified. This is, therefore, a post-election complaint, and the exclusive remedy for protecting rights under § 481

post-election is a suit by the Secretary of Labor, as there is no private right of action in this instance. *See Calhoon v. Harvey*, 379 U.S. 134 (1964). Thus, § 481(c) does not provide a basis for this Court to exercise subject matter jurisdiction over plaintiffs' claims.

Plaintiffs' reliance on § 481(c) for jurisdiction is simply an attempt to fit a square peg in a round hole. At its core, plaintiffs' claim is that E4E violated 29 U.S.C. § 481(g), but there is no post-election private right of action to enforce that provision either. In fact, there is no private right of action at all under § 481(g), either post- or pre-election. Section 481(g) states that "no moneys of an employer shall be contributed or applied to promote the candidacy of any person in any election." 29 U.S.C. § 481(g). Plaintiffs allege that E4E violated this section when it "contributed or applied its monies directly or indirectly to promote persons for union office within Plaintiff CTU." *See* Am. Compl. ¶ 38. However, "it is well settled that violations of section [481(g)] do not give rise to private causes of action by aggrieved union members. Rather, authority to enforce section [481(g)] is vested *exclusively* in the Secretary of Labor, acting upon a complaint *after* the disputed union election has taken place." *Camarata v. Int'l Bhd. of Teamsters*, No. 78-1588, 1978 WL 1719, at *1 (D.D.C. Dec. 13, 1978) (emphasis added); *Oliphant v. Richardson*, 641 F. Supp. 228, 229 (D.D.C. 1986).

Courts in this district have, thus, rejected attempts by private plaintiffs to pursue such claims and dismissed those causes of action for lack of subject matter jurisdiction. In doing so, they have recognized that "plaintiffs are challenging the outcome of a union election and the LMRDA provides the exclusive avenue for such challenges: a complaint with the Secretary, followed by judicial review in federal district court." *Porch-Clark v. Engelhart*, 930 F. Supp. 2d 928, 936 (N.D. Ill. 2013) (Feinerman, J.); *see also Corner v. Engelhart*, No. 11 C 5183, 2011 WL 4688723, at *3 (N.D. Ill. Oct. 4, 2011) (Feinerman, J.) ("[C]ourts do not have jurisdiction over

private lawsuits raising challenges within the scope of Title IV [of the LMRDA]."); *Chao v. Loc. 743, Int'l. Bhd.. of Teamsters*, 500 F. Supp. 2d 855, 860 (N.D. Ill. 2007) ("Under Title IV, the Secretary has the exclusive authority to challenge in federal court an election already conducted.").

29 U.S.C. § 482 lays out the proper enforcement remedy for challenging the validity of any union election, which plaintiffs still do not allege occurred here. *See generally* Am. Compl. Section 482 requires that any aggrieved member seeking to protest an election first "exhaust[] the remedies available under the constitution and bylaws of the [union]." 29 U.S.C. § 482(a)(1). If the member does not obtain a final decision through the administrative process, the member may file a complaint with the Secretary of Labor "alleging the violation of any provision of section 481 of this title." *See id.* § 482 (a)(2). The Secretary of Labor may then conduct an investigation before deciding whether to bring "a civil action against the labor organization as an entity in the district courts of the United States." *Id.* § 482(b). 29 U.S.C. § 483 makes clear that this process under § 482 is the exclusive remedy for challenging an union election. *See Loc. No. 82, Furniture & Piano Moving v. Crowley*, 467 U.S. 526, 544 (1984) ("Congress clearly intended to lodge exclusive responsibility for post-election suits challenging the validity of a union election with the Secretary of Labor.").

Plaintiffs do not present any factual allegations reflecting that they followed this process outlined in § 482 to bring their claim of a § 481(g) violation. *See generally* Am. Compl. As an initial matter, this action was brought by CTU and Parker—not the Secretary of Labor. And plaintiffs do not allege that they have filed a complaint with the Secretary of Labor in accordance with 29 U.S.C. § 482(a)(2), who is the sole party that can bring this type of suit in Court for alleged violations of § 481(g). *See id.*

Moreover, Parker still has not pled that she exhausted her administrative remedies under

CTU's Election Rules, as required by § 482(a)(1).[3] The Election Rules state that "[a]ll protests [of elections] must be received by the Rules-Elections Committee." Election Rules at XVIII.C, *supra* 2. This includes "[a]ny protest to the eligibility or non-eligibility of any nominated candidate" and "[a]ny protest to the conduct of the election, or any candidate's conduct during the election period." *Id.* at XVIII.A, XVIII.B. In the amended complaint, Parker continues to take issue with the eligibility of certain candidates that E4E purportedly supported, as well as E4E's alleged conduct interfering with the election. *See* Am. Compl. ¶¶ 23–24, 37–38. Both of these protests are squarely covered by the Election Rules and thus should have been addressed with the Rules Elections Committee, which plaintiffs again fail to allege in their amended pleading.

Indeed, plaintiffs' allegations do not show that they have sought out the exclusive remedy laid out in the statute for protesting any past elections, and Title IV of the LMRDA does not provide any remedy for plaintiffs to contest *future* elections. *Chao v. Chi. Regional Council of Carpenters*, No. 06 C 2555, 2006 WL 2849701, at *6 (N.D. Ill. Sep. 29, 2006) (explaining that the Secretary of Labor lacks the statutory authority "to seek prospective relief to prevent potential violations which may occur in future elections"). Thus, plaintiffs have not satisfied their burden to show that subject matter jurisdiction exists under 29 U.S.C. § 481(c).

B.  28 U.S.C § 1331 Does Not Provide Jurisdiction.

28 U.S.C § 1331's general federal question provision likewise does not provide a basis for this Court to exercise jurisdiction over this case. Section 1331 does not grant jurisdiction where a federal statute is clear that there is no private enforcement right. *See E. Cent. Illinois Pipe Trades*

---

[3] Ironically, in a separate lawsuit brought against CTU challenging its conduct in the same election, CTU argued that the case should be dismissed because the plaintiffs in that case failed to follow the exact same Election Rules procedure that CTU and Parker ignore here. *See Boyle et al. v. Chi. Teachers Union & Morena*, Case No. 22-CH-03351, Defendants' 2-615 Motion to Dismiss the Complaint at 6–7 (Cir. Ct. Cook Cnty. Chancery Div.) (filed April 14, 2022).

*Health & Wealth Fund v. Prather Plumbing & Heating, Inc.*, 3 F.4th 954, 959 (7th Cir. 2021) ("Without a federal cause of action . . . a federal court cannot exercise federal question jurisdiction and has no authority to adjudicate the dispute under § 1331."). As discussed, 29 U.S.C. § 483 states that "[t]he remedy provided by [Title IV] for challenging an election already conducted shall be exclusive," and § 482 is the sole enforcement mechanism for plaintiffs' claims. Thus, 28 U.S.C § 1331 does not provide jurisdiction to the Court. *Driscoll v. Int'l. Union of Op. Eng., Loc. No.* 139, 339 F. Supp. 757, 762 (E.D. Wis. 1972), *aff'd*, 484 F.2d 682 (7th Cir. 1973) ("Congress . . . chose to incorporate into [the LMRDA] bases for federal court jurisdiction separate and distinct from those set out in Title 28 U.S.C. § 1331 . . . . [I]t cannot be said that §1331 . . . jurisdiction arises on the bases of violations of the LMRDA. Rather, the court must find its grant of jurisdiction within the Act itself.").

        C.      <u>29 U.S.C. § 483 Does Not Preserve Diversity Jurisdiction for Plaintiffs' State Claims.</u>

In their amended complaint, plaintiffs newly allege that the Court has diversity jurisdiction for unspecified claims under state law because jurisdiction is preserved by 29 U.S.C. § 483. However, § 483[4] does not preserve any such jurisdiction and, in fact, preempts overlapping relief under other state or federal laws for violations of Title IV of the LMRDA. As the Supreme Court explained, "Congress [] included in Title IV an exclusivity provision that explains the relationship between the enforcement procedures established for violations of Title IV and the remedies available for violations of potentially overlapping state and federal laws." *See Loc. No. 82,*

---

[4] Section 483 reads in full: "No labor organization shall be required by law to conduct elections of officers with greater frequency or in a different form or manner than is required by its own constitution or bylaws, except as otherwise provided by this subchapter. Existing rights and remedies to enforce the constitution and bylaws of a labor organization with respect to elections prior to the conduct thereof shall not be affected by the provisions of this subchapter. The remedy provided by this subchapter for challenging an election already conducted shall be exclusive."

*Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen & Packers v. Crowley*, 467 U.S. 526, 540, (1984). Through § 483, Congress intended to "consolidate challenges to union elections with the Secretary of Labor, and to have the Secretary supervise any new elections necessitated by violations of the Act." *Id.* at 543; *see also Calhoon v. Harvey*, 379 U.S. 134, 140 (1964) ("It is apparent that Congress decided to utilize the special knowledge and discretion of the Secretary of Labor in order to best serve the public interest."). Thus, § 483 preempts any other state or federal remedies for violations pertaining to union elections or Title IV. *Crowley*, 467 U.S. at 540 (barring relief under Title I of the LMRDA because of the exclusivity provision under § 483).

As discussed, plaintiffs' claims here focus on CTU's May 20 union election and future elections; they allege that E4E violated Title IV of the LMRDA and some "Illinois laws" by contributing funds and assistance to certain candidates in the election. This challenge to union elections falls squarely within the scope of Title IV of the LMRDA and must be brought by the Secretary of Labor, who is positioned to supervise conduct in any future elections as well. *Crowley*, 467 U.S. at 540 ("Congress clearly intended to lodge exclusive responsibility for post-election suits challenging the validity of a union election with the Secretary of Labor."); *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 530 (1972) (allowing the Secretary of Labor to seek certain specific safeguards with respect to any future union election).

Plaintiffs attempt to plead around this jurisdictional deficiency by arguing that they are protecting their rights to a "fair election." *See* Am. Compl. ¶ 46. But that is no different than challenging the May 20 election and future elections. *C.f.*, *Hunter v. Serv. Emps. Int'l Union*, No. 18 C 986, 2019 WL 1294697, at *10 (N.D. Ill. Mar. 21, 2019) ("Plaintiffs insist they are not contesting the 'outcome' of the election or 'seeking the installation of their candidate,' but rather

are 'seek[ing] a fair election, something they are entitled to under the LMRDA.'" . . . The court is unable to comprehend the purported distinction."). Accordingly, plaintiffs also do not have jurisdiction to bring any purported state law claims because those claims are preempted under 29 U.S.C. § 483.

# # #

Because plaintiffs' federal LMRDA claim must be brought by the Secretary of Labor, the Court lacks of subject matter jurisdiction for that claim. Furthermore, without jurisdiction to preside over plaintiffs' LMRDA claim, the Court also does not have jurisdiction over any remaining state law claims. The Court should dismiss the entire complaint for lack of subject matter jurisdiction.

## II. Plaintiffs Do Not Have Standing.

The Court should dismiss plaintiffs' amended complaint for the additional reason that plaintiffs lack standing. For Article III standing, plaintiffs must have an injury, fairly traceable to the defendant's conduct, which the court's decision will likely redress. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The injury must be concrete and particularized, and actual or imminent rather than conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Standing requirements apply even in the declaratory judgment context. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 118 (2007).

Here, plaintiffs have suffered no "injury" because Parker won an office position in the May 20 election and was elected Area B Vice President—a result that has already been certified by CTU.[5] Additionally, any contention that E4E's interference will affect future elections is too hypothetical to constitute "injury" for purposes of standing.

---

[5] The results of the election, as posted publicly on June 1, 2022, report Parker won 56% of the vote and was elected Area B Vice President. *See* ELECTION RESULTS, *supra* 3.

In an analogous case, *Hero v. Lake County Election Board*, the plaintiff alleged that he was wrongfully denied the right to run for town council in the Republican primary in 2019, and he brought suit for declaratory relief that would permit him to seek election in the future. 561 F. Supp. 3d 786, 789 (N.D. Ind. 2021). The court dismissed the case for lack of standing, reasoning that the plaintiff's "speculation that he may suffer the same injury at some time in the future is insufficient to establish standing." *Id*. at 791. The court further explained that the plaintiff's allegation that he intended to run in the 2023 election was too hypothetical for a declaratory action. *Id*. at 792. The same reasoning applies here. Because plaintiffs' contention that E4E will interfere in future elections is too hypothetical to constitute "injury," this Court should dismiss plaintiffs' amended complaint for lack of standing.

### III.     Plaintiffs Have Not Stated Any Claim.

Even if the Court finds it has subject matter jurisdiction and plaintiffs have standing, plaintiffs' amended complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) provides that a court should dismiss a complaint that fails "to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555); *Etheridge v. Hudson Grp. Retail, LLC*, No. 20-CV-7204, 2022 WL 375556, at *4 (N.D. Ill. Feb. 8, 2022). Instead, a plaintiff must allege facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Plaintiffs have not satisfied this pleading burden for stating a cause of action under Illinois

law. In their amended complaint, plaintiffs allege vaguely in Count I that E4E violated plaintiffs' "membership rights" under Illinois law, Am. Compl. ¶¶ 27, 30, but fail to plead what these purported membership rights are and do not even cite an Illinois statute that E4E allegedly violated. Equally insufficient is Count II where plaintiffs vaguely contend that E4E violated some unspecified "protectable interest under state law." *Id.* ¶ 35; *see also id.* ¶ 40 (alleging plaintiffs have a "protectable interest under state law . . . to an election process [that] is consistent with the standards of federal law" but failing to identify any specific statutes or case law). Such thinly-plead counts are insufficient and cannot survive a motion to dismiss.

Plaintiffs also have failed to state any cause of action in Count III under the LMRDA, 29 U.S.C. § 481(g). To state such a claim, plaintiffs must plead (1) money from any employer (2) that was a contributed or applied (3) to promote the candidacy of any person and (4) that the contribution affected the outcome of an election. *See Donovan v. Loc. Union 70, Int'l Bhd. of Teamsters*, 661 F.2d 1199, 1201 (9th Cir. 1981). In their less than ten-page amended complaint, plaintiffs do not include sufficient facts to support these elements.

Plaintiffs dedicate two paragraphs in their amended complaint to alleging that E4E "sought to recruit persons to run for union office in plaintiff CTU's election of May 20, 2022" and "appl[ied] and contribute[d] its moneys directly or through in-kind assistance for that purpose." Am. Compl. ¶¶ 23–24. Plaintiffs make no allegations as to the amount of the purported monetary contribution made by E4E or the nature of the assistance it otherwise provided. *See generally id*. Likewise absent are allegations as to when or to whom E4E provided any alleged contributions. Plaintiffs further fail to plead how any purported contribution or assistance from E4E affected the outcome of the election. In short, plaintiffs' vague pleading merely recites the generic elements of a claim, which is insufficient and requires dismissal under Rule 12(b)(6). *See Loparco v. Vill.*

*of Richton* Park, No. 08 C 2747, 2008 WL 4696071, at *1 (N.D. Ill. Oct. 22, 2008) (explaining that, where plaintiffs merely attach "bare legal conclusions to narrated facts which fail to outline the bases of [their] claim," those claims are subject to dismissal).

## CONCLUSION

For the foregoing reasons, E4E respectfully request the Court dismiss plaintiffs' amended complaint.

Dated: September 1, 2022

Respectfully submitted,

/s/ *Craig C. Martin*
Craig C. Martin
Laura L. Norris
Mengjie Zou
Willkie Farr & Gallagher LLP
300 N. LaSalle
Chicago, IL 60654
(312) 728-9027
cmartin@willkie.com
lnorris@willkie.com
mzou@willkie.com

Jason Fuiman
O'Dwyer & Bernstien
8 East 41st Street, 8th floor
New York, NY 10017
(212) 571-7100
jfuiman@odblaw.com

*Attorneys for Defendant Educators for Excellence, Inc.*